McDonald, j.
 

 | ¡..This is an appeal by the Department of Corrections (Department) of a judgment of the Nineteenth Judicial District Court reversing a decision of the Department that certain religious publications could not be received by the petitioner. For the following reasons, the district court judgment is reversed.
 

 The petitioner in this matter, Kenneth Toliver, is an inmate housed at Rayburn Correction Center (RCC). In October 2007, Toliver filed a grievance, Administrative Remedy Procedure No. RCC-2007-480, complaining that publications addressed to him at RCC from a religious organization, “Yahweh Ben Yahweh” had been improperly rejected by prison officials. Information contained in the publications was determined to be racist in nature and detrimental to security, a violation of Department Regulation C-02-009, and Toliver was not allowed to receive them.
 

 On November 8, 2007, Toliver appealed the First Step decision of the Administra
 
 *295
 
 tive Remedy Procedure denying relief to the Secretary of the Department. On January 2, 2008, the Secretary issued the Second Step Response again denying Toliver relief. Toliver then sought judicial review of the Department’s action in the Nineteenth Judicial District Court.
 

 In accordance with legislatively-established procedure, LSA-R.S. 15:1171, et seq., the matter was referred to a commissioner for screening. In a Preliminary Report, it was recommended that the matter proceed to review of Administrative Decision RCC-2007-480 and that the petition be served on the Department in accordance with law. The Commissioner’s Preliminary Report was adopted, and the matter was ordered to proceed as an appeal of the Administrative Record of RCC-2007-480.
 
 [1]
 

 |sIn June 2008, the Commissioner issued a Stay Order and Remand to the Warden’s level to supplement the record with a copy of Regulation C-02-009 and additionally, to supplement the record with specific information in the materials or about the group that would promote racial unrest or to be a danger to the security of the prison. Additional information was filed in compliance with this remand. Also, the Department filed a Motion for Leave to File Documents Under Seal for documents submitted that were supplements to the administrative remedy under review, but that contained information that the Department asserted is denied to all inmates. The motion was granted, and this record contains those documents under seal.
 

 After review of the matter, the Commissioner issued a recommendation that the Department’s decision be affirmed as neither arbitrary, manifestly erroneous, or in violation of the petitioner’s rights and the appeal be dismissed with prejudice. A Traversal of the Commissioner’s Recommendation was filed by Toliver. After
 
 de novo
 
 review of the record and the traversal filed by Toliver, and for the reasons stated in Toliver’s traversal, the Department’s decision was found to be in violation of the petitioner’s First Amendment rights. Judgment reversing the Department’s decision was rendered and signed on December 29, 2009. This appeal timely followed.
 

 The Department asserts that it is an error of law for the district court to find that the Department violated Toliver’s First Amendment rights by refusing to allow him to receive “Yahweh” publications. Also, the Department asserts that the district court erred in not applying the test outlined in
 
 Turner v. Safley,
 
 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).
 

 The recognition and protection of prisoners’ constitutional rights is well-established in law.
 
 See Cruz v. Beto,
 
 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (Per Curiam). However, it is equally well-established that when a prison regulation Uimpinges on inmates’ constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.
 
 Turner v. Safley,
 
 482 U.S. at 89, 107 S.Ct. 2254. As noted by the
 
 Turner
 
 court, “courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.”
 
 Turner v. Safley,
 
 482 U.S. at 84, 107 S.Ct. 2254,
 
 citing Procunier v. Martinez,
 
 416 U.S. 396, 405, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974). The
 
 Turner
 
 court reiterated the concerns addressed in
 
 Martinez:
 

 
 *296
 
 [T]he problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.
 

 Turner v. Safley,
 
 482 U.S. at 84-85, 107 S.Ct. 2254 (Citations Omitted)
 

 The
 
 Turner
 
 court went on to formulate a standard of review for prisoners’ constitutional claims that is responsive both to the “policy of judicial restraint regarding prisoner complaints and [to] the need to protect constitutional rights.”
 
 Turner v. Safley,
 
 482 U.S. at 85, 107 S.Ct. 2254,
 
 citing Procunier v. Martinez,
 
 416 U.S. at 406, 94 S.Ct. 1800. More recently, in
 
 Johnson v. California,
 
 543 U.S. 499, 509-515, 125 S.Ct. 1141, 160 L.Ed.2d 949. 543 U.S. 499, 125 S.Ct. 1141, 1148-1152, 160 L.Ed.2d 949 (2005), the Supreme Court affirmed that the
 
 Turner
 
 standard is appropriate for determining the question of infringement of prisoners’ fundamental rights, while holding that a strict scrutiny standard of review was applicable to a prisoner’s equal protection challenge of a state department of corrections’ policy of initially housing prisoners double-celled with inmates of the same race.
 

 In reviewing the law in this matter, we note that the federal Fifth Circuit Court of Appeal addressed the identical issue in
 
 Chriceol v. Phillips,
 
 169 F.3d 313, (5th Cir.1999). Applying the
 
 Turner
 
 factors that had been discussed and|selaborated in
 
 O’Lone v. Estate of Shabazz,
 
 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), the
 
 Chnceol
 
 court found that the prison’s policy of withholding mail that advocates racial, religious, or national hatred, that creates a serious danger of violence is valid.
 
 Chriceol,
 
 169 F.3d at 316-317. The
 
 O’Lone
 
 court specifically addressed the issue in the context of prison regulations that impinge on prisoners’ First Amendment rights. Considering the court’s holding in
 
 O’Lone
 
 we find that it was legal error for the district court to fail to recognize that when a prison regulation impinges on prisoners’ First Amendment rights, the regulation is valid, if it is reasonably related to legitimate penological interests.
 
 See O’Lone v. Estate of Shabazz,
 
 482 U.S. at 353, 107 S.Ct. 2400.
 

 After careful
 
 de novo
 
 review of the record, we find that the Commissioner’s report clearly set forth the law and accurately represented the facts in this case. Specifically, we note the following statement in the report that addresses Department Regulations, No. C-02-009, Procedures For Publications, Section C, Item 1(f):
 

 The regulation at issue in the matter allows for refusal of certain printed material that includes racially inflammatory material or material that could cause a threat to the inmate population, staff, and security of the facility. Clearly, the goal in this case is a constitutionally valid one — security and racial harmony. Additionally, a publication that contains advice or assertions that would threaten racial harmony or more importantly, incite one race against another within the prison, should be considered as “racially inflammatory”. Thus, if the Department’s determination — that the language in the publications meets that standard — is not arbitrary or erroneous, then it must be affirmed.
 

 
 *297
 
 We note that the material received in the mail room from the Yahweh Ben Yahweh group was determined by at least two prison chaplains and by consensus of the Regional Wardens to be racist in nature and to pose a security threat to the institution. We have reviewed the materials submitted under seal and agree with the determination made by the prison personnel. Further, decisions of this nature | fimade by prison officials should be given deference by the courts in light of the law as cited above and in recognition of the nature of their duties.
 

 Accordingly, we reverse the judgment of the district court and render judgment in favor of the Department of Corrections, dismissing Toliver’s appeal with prejudice at his cost.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . The judgment so ordering also dismissed a claim for damages that had been improperly cumulated with the record before the court.